**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) | |
| CENTRAL LABORERS' WELFARE FUND | ) | |
| CENTRAL LABORERS' ANNUITY FUND, | ) | |
| ILLINOIS LABORERS AND CONTRACTORS JOINT | ) | |
|   APPRENTICESHIP & TRAINING TRUST FUND, | ) | |
| CENTRAL ILLINOIS BUILDERS INDUSTRY | ) | |
|   ADVANCEMENT FUND | ) | |
| CENTRAL ILLINOIS LABORERS-EMPLOYERS | ) | |
|   COOPERATION AND EDUCATION TRUST, | ) | |
| MIDWEST REGION FOUNDATION FOR FAIR | ) | |
|   CONTRACTING | ) | |
| CENTRAL ILLINOIS LABORERS' | ) | |
|   VACATION FUND | ) | |
| CENTRAL ILLINOIS LABORERS' | ) | |
|   DISTRICT COUNCIL WORKING DUES CHECK OFF FUND | ) | |
| | ) | |
|        Plaintiffs, | ) | |
|   v. | ) | 19-CV-00091 |
| | ) | |
| HHD ENTERPRISES, INC., | ) | |
| an Illinois corporation, and | ) | |
| ROBERT HOUSMAN, individually, | ) | |
| | ) | |
|        Defendants. | ) | |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants HHD ENTERPRISES, INC. and ROBERT HOUSMAN as follows:

**COUNT I**
against
CORPORATE-DEFENDANT
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.     Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.     Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.     Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5.     HHD ENTERPRISES, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).  HHD ENTERPRISES, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.     HHD ENTERPRISES, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with

the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. HHD ENTERPRISES, INC. has never terminated the collective bargaining agreements and they remain in effect.

7.     By virtue of certain provisions contained in the collective bargaining agreement(s), HHD ENTERPRISES, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8.     HHD ENTERPRISES, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. HHD ENTERPRISES, INC. has never terminated the participation agreements and they remain in effect.

9.     By virtue of certain provisions contained in the participation agreement(s), HHD ENTERPRISES, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10.     HHD ENTERPRISES, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.     HHD ENTERPRISES, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     HHD ENTERPRISES, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.     Under the terms of the collective bargaining agreements, participation agreements and trust agreements, HHD ENTERPRISES, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, HHD ENTERPRISES, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     On or about March 7, 2018 the Plaintiff Funds conducted an audit of HHD ENTERPRISES, INC. for the period August 1, 2017 through December 31, 2017.  A copy of that audit is attached as *Exhibit B*.  The audit revealed that HHD ENTERPRISES, INC. failed and refused to pay all contributions and work dues in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements.  The unpaid amounts total not less than the following:

Audit Liabilities (Aug. 1, 2017 – Dec. 31, 2017): ................ $7,709.50

**Total:** $7,709.50

15.     Audit costs, for which HHD ENTERPRISES, INC. is liable in accordance with the trust agreements, total not less than $1,245.80. A copy of the audit invoice is attached as *Exhibit C*.

16.     The participation and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17.     Because contributions were not paid when due, HHD ENTERPRISES, INC. incurred 10% penalty assessments in accordance with the participation and trust agreements totaling not less than the following:

Audit Liabilities (8/1/2017 – 12/31/2017): ………………..………. $770.95

**Total:      $770.95**

18.     The total amount owed by HHD ENTERPRISES, INC. pursuant to the trust agreements is not less than **$9,726.25**, consisting of not less than: $7,709.50 in audit liabilities (i.e., delinquent fringe benefit contributions), $770.95 in liquidated damages, and $1,245.80 in audit costs.

19.     HHD ENTERPRISES, INC. has failed and refused to pay the amount of **$9,726.25** known to be due to Plaintiffs.

20.     Plaintiffs have been required to employ auditors and the undersigned attorneys to identify and pursue collection of the amount due from HHD ENTERPRISES, INC.

21.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

22.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against HHD ENTERPRISES, INC. in favor of Plaintiffs.

B. Order HHD ENTERPRISES, INC. to pay Plaintiffs not less than **$9,726.25**.

C. Order HHD ENTERPRISES, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

D. Order HHD ENTERPRISES, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiffs such other and further relief as may be just.

<u>**COUNT II**</u>
Against Robert Housman, individually
*(Claim under ERISA for delinquent employee fringe benefit contributions)*

1. - 22. Plaintiffs reallege paragraphs 1 - 22 of Count I.

22. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

23. Plaintiffs are advised and believe that ROBERT HOUSMAN is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of HHD ENTERPRISES, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that ROBERT HOUSMAN is a director of HHD ENTERPRISES, INC.

24. Pursuant to the collective bargaining agreements to which HHD ENTERPRISES, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

25. Pursuant to the trust agreements establishing the Plaintiff Funds, to which HHD ENTERPRISES, INC. and ROBERT HOUSMAN agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be

determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

26. Plaintiffs are informed and believe that ROBERT HOUSMAN did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the collective bargaining agreements and trust agreements, making ROBERT HOUSMAN personally liable for the money owed to the Plaintiff Funds by HHD ENTERPRISES, INC.

27. Additionally, HHD ENTERPRISES, INC. was involuntarily dissolved by the Illinois Secretary of State's Office on or about November 9, 2018.

28. Upon the dissolution of HHD ENTERPRISES, INC., ROBERT HOUSMAN conducted business under the name of "HHD ENTERPRISES", becoming personally liable for the debts of the dissolved corporation and incurring liability for subsequent debts incurred by his business.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ROBERT HOUSMAN in favor of Plaintiffs.

B. Order ROBERT HOUSMAN to pay Plaintiffs $9,726.25, plus any additional amount shown to be due.

C. Order ROBERT HOUSMAN to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: ___/s/ *Richard A. Toth*_____
    One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

151.52

By signing this Memorandum of Agreement which has been negotiated by and between the Central Illinois Builders of AGC and The Laborers' International Union of North America, The Southern and Central Illinois Laborers' District Council, Laborers' Local 159 (Decatur), Laborers' Local 477 (Springfield) and Laborers' Local 703 (Urbana), the undersigned Employer agrees to abide by all the Articles, stipulations and fringe benefits contained herein throughout the Counties covered by Laborers' Local 159, Laborers' Local 477 and Laborers' Local 703.

FOR THE COMPANY:

Company Name: _HHD Enterprises Inc._

Company Address: _23600 W McClintock_
Street Address and/or P.O Box

City _Channahon_ State _IL_ Zip Code _60410_

Fax Number: _847-706-1194_

Telephone Number: _847-348-1250_

Email Address: _hhdent11@gmail.com_

Signed By: _[signature]_

Date: _July 31st, 2017_

Printed Name and Title: _Robert Housman, president_


FOR THE UNION:

The Southern and Central Illinois Laborers' District Council:

_____

Clint B. Taylor, Business Manager

_____

Witnessing Union Agent and Title

Date: _____

Title: _____

43

RECEIVED

OCT 31 2017

EXHIBIT
A

STATEMENT OF ADDITIONAL
REPORTABLE HOURS DUE FOR
HHD ENTERPRISES, INC.
ON BEHALF OF THE
CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS
FOR THE PERIOD
AUGUST 1, 2017 TO DECEMBER 31, 2017



EXHIBIT

B



**ROMOLO & ASSOCIATES**

Certified Public Accountants

1700 W. Luthy Drive • Peoria, IL 61615
Phone 309.682.2001 • Fax 309.682.2045

### *Independent Accountants' Report On Applying Agreed-Upon Procedures*

Central Laborers' Pension,
Welfare and Annuity Funds
Jacksonville, Illinois

We have performed the procedures enumerated on the attached supplement, which were agreed to by the Central Laborers Pension, Welfare and Annuity Funds (the Fund), solely to assist you with respect to the selected payroll and related records of HHD Enterprises, Inc. (Employer) for the period of August 1, 2017 to December 31, 2017. The employer's management is responsible for the employer records provided to us. These procedures were designed to determine if the data submitted by the Employer is in compliance with the reporting provisions of the collective bargaining agreements, participation agreements, and the Central Laborers Pension, Welfare and Annuity Funds' Trust Agreements. The sufficiency of the procedures is solely the responsibility of those parties specified in the report. Consequently, we make no representation generally regarding the sufficiency of the procedures described in the attached supplement either for the purpose for which this report has been requested or for any other purpose.

Our procedures performed are found on the attached supplement.

In connection with the above procedures, certain matters came to our attention that resulted in findings of additional Employer contributions, as shown in the summary of amounts due, were due to the Funds in the amount of $7,709.50.

In addition, the accompanying notes herein identify any special circumstances that we believe the Trustees should consider in evaluating this report. These notes are an integral part of this report and should be reviewed to completely understand this report.

This agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants. We were not engaged to, and did not, conduct an examination or review, the objective of which would be the expression of an opinion, or conclusion, on the accounting records. Accordingly, we do not express such an opinion or conclusion. Had we performed additional procedures other matters might have come to our attention that would have been reported to you.

Attestation standards established by the American Institute of Certified Public Accountants require that we request a written statement from the employer stating that the payroll records to which we applied procedures has been accurately measured or evaluated. We requested that the employer provide such a statement but the employer refused to do so.

This report is intended solely for the information of the Central Laborers Pension, Welfare and Annuity Funds and is not intended to be and should not be used by anyone other than those specified parties.

Romolo & Associates
Certified Public Accountants
Peoria, IL
May 3, 2018

JUN 1 1 2018

## SUPPLEMENT FOR AGREED UPON PROCEDURES

1.  Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2.  Obtained access to some or all of the following accounting records from the Employer:

    o  Payroll journals or computer printouts with paycheck history, employee hours, gross wages
    o  Individual earnings and time records on all employees or computer printout with paycheck history
    o  Annual earnings records (W-2's and W-3)
    o  Quarterly employer's federal withholding and FICA tax returns (Forms 941)
    o  Quarterly employer's contribution and wages reports for state unemployment compensation
    o  Employer's copies of monthly fringe benefit report forms
    o  Cash disbursement records
    o  Payments to subcontractors

3.  To determine that we were provided with the entire payroll we performed the following procedure:

    o  Agreed gross wages per the Employer's payroll to the W-2s/W3 on a test basis

4.  In order to determine that all hours/months for covered work were properly reported to the Funds we performed the following test procedures on some or all employees:

    o  Determined classifications of employees and/or their union affiliation based on the employer's records
    o  Compared hours/months worked, per the employer's records, by covered employees to the hours/months reported based on information reported by the Fund
    o  Reviewed and relied upon union report forms filed with other benefit funds as provided to us by the employer for hours worked by covered participants, not reported to the Fund

5.  Reviewed findings with the Employer Representative at the conclusion of our procedures and discussed possible delinquencies.

    (Please see Notes for any scope limitation on the above procedures or additional procedures performed not described above.)

**HHD ENTERPRISES, INC.**
**NOTES TO AGREED UPON PROCEDURES**
**AUGUST 1, 2017 TO DECEMBER 31, 2017**

**NOTE 1       UNREPORTED HOURS**

This employer is located outside of the Fund's jurisdiction. The employer does not keep job cost records which would identify the location of the work performed. However, the employer provided payroll documents for each employee in the company. Based upon our review of the employer's records provided to us, we found that there were three employees for whom union dues were deducted from their pay for Local 477. However, these amounts were not reported to the Fund. Therefore, these hours worked have been shown as due herein under Local 477*. No other hours were found to be worked by laborers since August 2017.

The employer worked one job in the Fund's jurisdiction during our examination period. Please be advised that the President of the company, Robert Houseman, is a carpenter along with the remaining employees in the payroll.

## HHD Enterprises, Inc.
### TOTAL SUMMARY OF AMOUNTS DUE

| | August 1, 2017 | To | December 31, 2017 | | 2017 | | TOTAL |
|---|---|---|---|---|---|---|---|
| PENSION | | | | | $ | 1,809.69 | $ 1,809.69 |
| PENSION SUPP | | | | | $ | 1,659.33 | $ 1,659.33 |
| WELFARE | | | | | $ | 1,597.59 | $ 1,597.59 |
| RTREW | | | | | $ | 93.99 | $ 93.99 |
| ANNUITY | | | | | $ | 826.98 | $ 826.98 |
| TRAINING | | | | | $ | 214.80 | $ 214.80 |
| LECET CI | | | | | $ | 69.81 | $ 69.81 |
| MRFFC CI | | | | | $ | 26.85 | $ 26.85 |
| CIBIAF | | | | | $ | 40.29 | $ 40.29 |
| CHECK OFF CI | | | | | $ | 281.94 | $ 281.94 |
| VACATION SC | | | | | $ | 805.50 | $ 805.50 |
| WORKING DUES | | | | | $ | 282.73 | $ 282.73 |
| | | | | | | | |
| TOTAL DUE | | | | | $ | 7,709.50 | $ 7,709.50 |

**HHD Enterprises, Inc. - CLPWAF**
**Unreported Regular Hours**
**For period 8/1/2017 - 12/31/2017**
**Local: 477***

| | August | September | October | November | December | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| BAPTIST,ANTHONY | 89.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 89.50 |
| HUNTER,DALLAS,M,... | 89.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 89.50 |
| SPAULDING,ANDRE | 89.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 89.50 |
| **Unreported Regular Hours** | 268.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 268.50 |
| **Amounts Due** | | | | | | | | | |
| PENSION | $1,809.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,809.89 |
| PENSION SUPP | $1,659.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,659.33 |
| WELFARE | $1,597.59 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,597.59 |
| RTREW | $93.59 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $93.59 |
| ANNUITY | $826.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $826.98 |
| TRAINING | $214.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $214.80 |
| LECET CI | $69.81 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $69.81 |
| MRRFC CI | $26.85 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $26.85 |
| CIBIAF | $40.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40.29 |
| CHECK OFF CI | $281.94 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $281.94 |
| VACATION SC | $805.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $805.50 |
| **Total Liability** | $7,426.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,426.77 |
| **Rates** | | | | | | | | | |
| PENSION | 6.740 | 6.740 | 6.740 | 6.740 | 6.740 | 0.000 | 0.000 | 0.000 | 0.000 |
| PENSION SUPP | 6.180 | 6.180 | 6.180 | 6.180 | 6.180 | 0.000 | 0.000 | 0.000 | 0.000 |
| WELFARE | 5.950 | 5.950 | 5.950 | 5.950 | 5.950 | 0.000 | 0.000 | 0.000 | 0.000 |
| RTREW | 0.350 | 0.350 | 0.350 | 0.350 | 0.350 | 0.000 | 0.000 | 0.000 | 0.000 |
| ANNUITY | 3.080 | 3.080 | 3.080 | 3.080 | 3.080 | 0.000 | 0.000 | 0.000 | 0.000 |
| TRAINING | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.000 | 0.000 | 0.000 | 0.000 |
| LECET CI | 0.260 | 0.260 | 0.260 | 0.260 | 0.260 | 0.000 | 0.000 | 0.000 | 0.000 |
| MRRFC CI | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.000 | 0.000 | 0.000 | 0.000 |
| CIBIAF | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.000 | 0.010 | 0.000 | 0.000 |
| CHECK OFF CI | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 0.000 | 0.000 | 0.000 | 0.000 |
| VACATION SC | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 0.000 | 0.000 | 0.000 | 0.000 |

Case: 1:19-cv-00091 Document #: 1 Filed: 01/04/19 Page 17 of 18 PageID #:17

**HHD Enterprises, Inc. - CLPWAF**
**Unreported Gross Wages**
**For period 8/1/2017 - 12/31/2017**
**Local: 477***

| | August | September | October | November | December | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAPTIST,ANTHONY | $2,428.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,428.95 |
| HUNTER,DALLAS,M,,, | $2,824.70 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,824.70 |
| SPAULDING,ANDRE | $2,824.70 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,824.70 |
| Unreported Total Gross Wage | $8,078.35 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,078.35 |
| **Amounts Due** | | | | | | | | | | | | | | |
| Working Dues | $282.73 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $282.73 |
| Total Liability | $282.73 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $282.73 |
| **Rates** | | | | | | | | | | | | | | |
| Working Dues | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | |



## ROMOLO & ASSOCIATES
Certified Public Accountants

1700 W. Luthy Drive ▪ Peoria, IL 61615
Phone 309.682.2001 ▪ Fax 309.682.2045

April 24, 2018

Central Laborers P,W&A Fund
P.O. Box 1267
Jacksonville, IL 62651

Invoice #        24789

For professional services rendered in connection with the fringe
benefit payroll compliance examination on behalf of the:

Central Laborers Pension, Welfare & Annuity Funds for HHD Enterprises, Inc. for the
period August 1, 2017 through December 31, 2017:

| | |
|---|---|
| Scheduling | 70.00 |
| Field Work | 910.00 |
| Processing | 135.00 |
| Mileage (240 mi. @ $.545) | 130.80 |



RECEIVED
JUN 11 2018

PAYABLE UPON RECEIPT        TOTAL        $        1,245.80





EXHIBIT
C